**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: ROBERT WAYNE SIMS,** **CASE NO. 26-00138-JAW**
**Debtor** **CHAPTER 7**

---

**CITIZENS BANK OF PHILADELPHIA,** **PLAINTIFF**

**v.** **ADV. PROC. NO. 26-00025-JAW**

**ROBERT WAYNE SIMS,** **DEFENDANT**

**DEFENDANT'S ANSWER TO COMPLAINT**
**OBJECTING TO DISCHARGEABILITY OF DEBT**

COMES NOW Robert Wayne Sims ("Defendant"), by and through undersigned counsel, and files this Answer to the Complaint Objecting to Dischargeability of Debt filed by Citizens Bank of Philadelphia ("Citizens"). Except as expressly admitted below, Defendant denies the allegations of the Complaint and demands strict proof thereof.

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendant consents to this Court's entry of final orders and judgment in this adversary proceeding. This consent is procedural only and does not constitute an admission of liability, damages, or nondischargeability.

**ANSWERS TO NUMBERED ALLEGATIONS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Defendant admits that Citizens Bank of Philadelphia is a Mississippi corporation doing business in Mississippi. Defendant is without sufficient information to admit or deny the remaining allegations concerning Plaintiff's corporate status and therefore denies the same.

5. Admitted.

6. Defendant admits that Key Therapeutics, LLC obtained commercial financing from Citizens in March 2024 and that Defendant executed a Commercial Guaranty in connection therewith. The Loan Documents speak for themselves. Defendant denies any allegation inconsistent with their terms.

7. Defendant admits that Key Therapeutics granted security interests to Citizens as reflected in the Loan Documents and Security Instruments. Those documents speak for themselves. Defendant denies any allegation inconsistent with their terms.

8. Defendant admits that documents and information concerning his financial condition and the financial condition of Key Therapeutics were provided to Citizens in connection with the financing. Defendant denies that he knowingly supplied false financial or inventory information. Defendant did not personally generate the underlying financial and inventory reports and denies that he knew any information supplied to Citizens was materially inaccurate.

9. Denied.

10. Denied. Defendant specifically denies that he knowingly presented materially false, misleading, or fraudulent financial or inventory information to Citizens or acted with intent to deceive. Defendant did not personally generate the underlying financial and inventory reports.

11. Defendant admits that the Loan was extended or renewed in June 2025 and that Defendant executed documents in connection with the extension. The documents speak for themselves. Defendant denies any allegation inconsistent therewith.

12. Defendant admits that documents and disclosures were provided in connection with the June 2025 extension. Defendant denies that he knowingly made any materially false or

fraudulent statement or acted with intent to deceive. The written Loan Documents speak for themselves.

13. Defendant admits that Citizens filed a proof of claim in the Key Therapeutics bankruptcy case. The proof of claim and its attachments speak for themselves. Defendant denies any characterization concerning the validity, priority, extent, or amount of the claim except as established by the documents and applicable law.

14. Defendant admits that Citizens filed a proof of claim in Defendant's bankruptcy case. The proof of claim and supporting documents speak for themselves. Defendant disputes the amount of the claim to the extent appropriate credits, offsets, collateral proceeds, payments, or other reductions have not been applied.

15. Defendant admits that financial statements, inventory information, and borrowing-base information were periodically provided to Citizens. Defendant denies that he knowingly supplied false information or acted with intent to deceive. Defendant did not personally generate the underlying financial and inventory reports.

16. Defendant admits that a Borrowing Base Certificate dated January 5, 2026 was provided to Citizens. The document speaks for itself. Defendant denies that he knew the underlying inventory information was materially inaccurate and denies any intent to deceive Citizens.

17. Defendant admits that certain Borrowing Base Certificates bear his signature. The documents speak for themselves. Defendant denies that he knowingly certified materially false information or acted with intent to deceive Citizens.

18. Defendant admits that defaults occurred under the Loan Documents. Defendant denies the remaining allegations to the extent they misstate the nature or amount of the defaults or amounts presently due.

19. Admitted.

20. Defendant admits that Key Therapeutics' bankruptcy schedules reported inventory as reflected in those schedules. The schedules speak for themselves.

21. Defendant admits that the January 5, 2026 Borrowing Base Certificate contains the inventory figure stated therein. Defendant denies that he knowingly supplied a false figure or acted with fraudulent intent. Defendant further denies that the comparison between the January 5 certificate and inventory later reported in bankruptcy, standing alone, establishes knowledge, fraudulent intent, reliance, causation, or damages.

22. Denied. Defendant denies that he knowingly provided materially false financial or inventory information to obtain or maintain credit and denies that he acted with intent to deceive Citizens.

23. Defendant admits that Citizens extended credit to Key Therapeutics and that Defendant guaranteed repayment. Defendant denies the remaining allegations concerning reliance, causation, and the effect of any alleged statement.

24. Denied. Defendant specifically denies that he intentionally or fraudulently inflated inventory values or acted with any intent to cause financial or other harm to Citizens.

25. Defendant admits that he was the sole member and manager of Key Therapeutics and therefore was an insider within the meaning of applicable bankruptcy law.

26. Defendant admits that obligations remain owing under the Loan and Guaranty but denies the amount alleged and demands proof of the amount due after application of all

payments, collateral proceeds, credits, offsets, and other reductions. Defendant further denies entitlement to any fees, costs, expenses, or interest except as allowed by the Loan Documents and applicable law.

27. Defendant admits that Citizens incorporates its prior allegations. Defendant incorporates his responses above.

28. Denied. Defendant denies that he knowingly made any materially false representation to Citizens or acted with fraudulent intent. Defendant denies the remaining allegations of Paragraph 28.

29. Denied.

30. Defendant denies the allegations concerning justifiable reliance, inducement, and causation and demands strict proof thereof.

31. Denied.

32. Denied.

33. Defendant incorporates his preceding responses.

34. Denied. Defendant denies that he knowingly made materially false representations concerning inventory collateral or the financial condition of Key Therapeutics or acted with intent to deceive Citizens.

35. Denied.

36. Denied. Defendant denies that he knowingly provided materially false financial reports or inventory valuations, or that he made or published any such information with intent to deceive Citizens.

37. Defendant admits that written financial and inventory information was provided to Citizens. Defendant denies that he knowingly made or published materially false information or acted with intent to deceive Citizens.

38. Defendant admits that Citizens extended and maintained credit. Defendant denies the remaining allegations concerning reasonable or justifiable reliance, intent to deceive, causation, and nondischargeability.

39. Denied.

40. Denied.

41. Defendant incorporates his preceding responses.

42. Denied.

43. Denied.

**AFFIRMATIVE DEFENSES AND ADDITIONAL MATTERS**

1. Citizens bears the burden of proving every element of each asserted exception to discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6). Defendant denies that Citizens can satisfy that burden.

2. Defendant denies that he knowingly made a materially false representation or written statement with intent to deceive Citizens and denies that he acted with the intent required under § 523(a)(2)(A) or § 523(a)(2)(B).

3. The financial and inventory information at issue was generated in the ordinary course by personnel responsible for maintaining and reporting that information. Defendant did not personally generate the underlying reports and denies that he knew any information supplied to Citizens was materially inaccurate or that he acted with intent to deceive.

4. To the extent Count I under 11 U.S.C. § 523(a)(2)(A) is predicated upon statements respecting Defendant's or Key Therapeutics' financial condition, including statements concerning the value of assets or inventory, such statements fall outside § 523(a)(2)(A), and Citizens must satisfy the separate requirements of § 523(a)(2)(B) to the extent applicable.

5. Defendant denies that Citizens justifiably or reasonably relied upon any materially false representation or statement made or published by Defendant and denies that any alleged misrepresentation proximately caused the loss claimed.

6. Defendant denies that he caused a willful and malicious injury to Citizens or its property within the meaning of § 523(a)(6).

7. Defendant is entitled to credit for all payments, collateral proceeds, recoveries, credits, and offsets properly applicable to the indebtedness, and Citizens may not obtain a double recovery.

8. Defendant disputes the amount of the indebtedness and preserves all defenses to principal, interest, attorneys' fees, costs, expenses, default charges, and other components of Citizens' asserted claim.

WHEREFORE, Defendant Robert Wayne Sims respectfully requests that Citizens' requested determination of nondischargeability be denied; that the Complaint be dismissed with prejudice; that any indebtedness otherwise allowed or established be reduced by all applicable payments, collateral proceeds, recoveries, credits, offsets, and other limitations; and that Defendant be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

ROBERT WAYNE SIMS

By: /s/ Thomas C. Rollins, Jr.
THOMAS C. ROLLINS, JR. (MSB #103469)
THE ROLLINS LAW FIRM, PLLC
Post Office Box 13767
Jackson, Mississippi 39236
Attorney for Robert Wayne Sims

**CERTIFICATE OF SERVICE**

I certify that on the date this pleading is filed, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record and registered participants.

/s/ Thomas C. Rollins, Jr.
THOMAS C. ROLLINS, JR.