**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 28, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**

| | |
|---|---|
| **ROBERT WAYNE SIMS,** | **CASE NO. 26-00138-JAW** |
| **DEBTOR.** | **CHAPTER 7** |
| **CITIZENS BANK OF PHILADELPHIA** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 26-00025-JAW** |
| **ROBERT WAYNE SIMS** | **DEFENDANT** |

**ORDER SETTING: (1) DISCOVERY DEADLINE;**
**(2) PRETRIAL ORDER DUE DATE; AND (3) TRIAL DATE**

Pursuant to Federal Rule of Bankruptcy Procedure 7016, and in order to promote the efficient and expeditious disposition of the above-referenced adversary proceeding (the "Adversary"), the Court finds that a scheduling order should be entered.

IT IS HEREBY ORDERED THAT:

1. Within fourteen (14) days of the date of the Scheduling Order, the parties shall either make their initial disclosures as required by Rule 7026(a)(1) of the Federal Rules of Bankruptcy Procedure or shall file a stipulation that reflects a waiver of their disclosure obligations.

2. All motions for joinder of parties or amendments to the pleadings shall be filed and served prior to the completion of fact discovery.

3. All fact discovery shall be completed no later than sixty (60) days from the date of this Scheduling Order.

4. All experts shall be designated no later than fourteen (14) days after fact discovery is completed. The parties shall exchange expert reports no later than fourteen (14) days after experts are designated. All reports shall provide the information required by Federal Rule of Bankruptcy Procedure 7026(a)(2)(B). All expert discovery shall be completed no later than forty (40) days after experts are designated.

5. All dispositive motions, with the exception of evidentiary *in limine* motions, shall be filed and served no later than fourteen (14) days after expert discovery is completed.

6. Upon completion of discovery, and following the issuance of the Court's decision in regard to any dispositive motions, the Court shall schedule a status conference for the purpose of setting a deadline for the entry of a pretrial order and a date for the trial of the Adversary.

7. The parties shall file any request for mediation with the Court no later than thirty (30) days prior to the deadline for the entry of a pretrial order. If the request for mediation is granted, the Court may enter an order referring the Adversary to mediation and may reset it for trial, if necessary, in the event that mediation does not result in a settlement, dismissal, or other resolution of the Adversary.

8. The parties shall immediately notify the Court upon the settlement, dismissal, or other resolution of the Adversary and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. Moreover, the parties shall immediately advise the Court, in writing, of any occurrence or circumstance which they believe may suggest or necessitate the adjournment or other modification of the trial setting.

9. The parties are required to file a pretrial order in the form provided by the Court attached hereto as "Exhibit A" by February 9, 2027.

10. A trial will be held on February 23, 2027, at 10:00 a.m. in the Thad Cochran United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street in Jackson, Mississippi. The trial will be electronically recorded by the Court.

11. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

##END OF ORDER##

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**

| | |
|---|---|
| **DEBTOR NAME(S),** | **CASE NO. __________________-JAW** |
| **DEBTOR(S).** | **CHAPTER ____** |
| **PLAINTIFF(S) NAME(S)** | **PLAINTIFF(S)** |
| **VS.** | **ADV. PROC. NO. _______________-JAW** |
| **DEFENDANT(S) NAME(S)** | **DEFENDANT(S)** |

**PRETRIAL ORDER**

The consolidated Pretrial Order contains the information outlined below. No modifications or deletions shall be made without the prior permission of the Court. The Pretrial Order contains the following:

(1) A statement of any pending motions or other matters.

(2) A statement that, unless otherwise noted, discovery has been completed. Counsel will not be permitted to file any further motions to compel discovery. The parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial if doing so will not delay the trial.

(3) A statement as to the correctness of the names of the parties and their capacity and as to any issue of misjoinder or non-joinder of parties.

(4) A statement as to any question of the Bankruptcy Court's jurisdiction and the statutory basis of jurisdiction.

(5) A listing of stipulated facts. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

(6) A statement of the legal issues to be tried.

(7) A separate listing for each party of the witnesses (and their addresses) whom that party will or may have present at trial, including impeachment and rebuttal witnesses whose use can or should have been reasonably anticipated. A representation that a witness will be called may be relied upon by other parties unless notice is given fourteen (14) days prior to trial to permit other parties to subpoena the witness or obtain his testimony by other means. Witnesses not included on the witness list will not be permitted to testify.

(8) Documentary and Physical Evidence:

(A) A separate, typed, serially numbered listing, beginning with 1 and without the inclusion of any alphabetical or numerical subparts, of each party's documentary and physical evidence. Adequate space must be left on the left margin of each list for Bankruptcy Court stamping purposes. A courtesy copy of each party's list must be submitted for use by the Bankruptcy Judge. Learned treatises which counsel expect to use at trial shall not be admitted as exhibits, but must be separately listed on the party's exhibit list.

(B) Prior to trial, counsel shall affix to each exhibit stickers numbered to correspond with the party's exhibit list. Plaintiffs shall use yellow stickers; defendants shall use blue stickers; and white stickers shall be used on joint exhibits. The surname of a party must be shown on the numbered sticker when there are either multiple plaintiffs or multiple defendants.

(C) A separate, typed listing of each party's objections to the exhibits of another party. The objections shall be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties, and such documents will be admitted at trial without further proof of authenticity.

(D) A statement of any objections to the use at trial of copies of documentary evidence.

(E) Documentary and physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Bankruptcy Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

(F) Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to

trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed herein.

(9) A listing of all persons whose testimony at trial will be given by deposition and designation of the portions of each person's deposition which will be introduced. Objections not filed by the date on which the case is first scheduled for trial shall be deemed waived or abandoned. Extraneous and unnecessary matters, including non-essential colloquy of counsel, shall not be permitted to be read into evidence.

(10) A statement of the date on which counsel met personally to discuss settlement, whether the Bankruptcy Court has discussed settlement with counsel, and the likelihood of settlement of the case at this time.

(11) A statement of each party's estimate in hours of the time required to present that party's evidence and an estimate of the total trial time.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (__) submitted by stipulation of the parties or (__) approved by the Bankruptcy Court after conference with the parties.

IT IS, FURTHER, ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Bankruptcy Court, to prevent manifest injustice.

##END OF ORDER##

____________________________________
ATTORNEY FOR PLAINTIFF(S)

____________________________________
ATTORNEY FOR DEFENDANT(S)